E-FILED
Tuesday, 28 April, 2026  04:16:35 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JARVON CROSSLEY,
    Plaintiff,

v.

                              Case No. 2:26-cv-02090-JEH

FAIRLESS, *et al.*,
    Defendants.

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Danville Correctional Center ("Danville"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### II

Plaintiff files suit against Defendants Dr. Fairless, Sergeant Saldana, and Lieutenant Esteves.

Plaintiff alleges he was housed in the restrictive housing unit at Danville between approximately August 9-29, 2025. During this time, the Danville Dietary Department was experiencing a shortage of protein packs, which is a mandatory part of the Halal diet Plaintiff received. Some staff members allowed inmates who received the Halal diet to choose between the regular meal tray or the Halal diet when there was a shortage of protein packs. On August 29, 2025, Plaintiff alleges Defendant Sergeant Saldana did not allow him to choose between the regular meal tray and the Halal diet.

On August 29, 2025, Plaintiff alleges he asked Defendant Saldana if he could speak with a psychiatrist because his grandfather passed away. Defendant Saldana allegedly told Plaintiff he could only speak to a mental health professional if he was going to harm himself or others. Defendant Saldana placed Plaintiff in an office to speak with Defendant Lieutenant Esteves, who informed Plaintiff that she would relay the information to the doctor. When Defendant Esteves returned, she informed Plaintiff that Defendant Dr. Fairless was placing him on crisis watch with a 30-minute watch. Plaintiff pleaded with Defendant Esteves that he was not planning to harm himself or others and did not need a crisis watch. Defendant Esteves told Plaintiff that Danville does not "make any accommodations for anyone that just wants to talk." (Doc. 1 at p. 7).

Defendant Dr. Fairless instructed Plaintiff to remove his clothing. Plaintiff alleges he is Muslim, and it is inappropriate to be naked in front of women and others. Defendant Saldana escorted Plaintiff to a cell where Plaintiff removed his clothes and threw them at Defendant Saldana's feet. Defendant Saldana told Plaintiff to pick up the clothes and hand them to him, which further humiliated Plaintiff. Defendant Saldana threatened to spray Plaintiff's private area if he did not comply. Plaintiff alleges Defendant Saldana "looked at [him] with a lust in his

2

eyes." *Id.* at p. 8. Then, Defendant Saldana shut the cell door and continued looking at Plaintiff through the glass.

Plaintiff alleges he was forced to remain in this cell naked and cold for the weekend. Plaintiff alleges he was not given any items to clean himself or wash his hands. Plaintiff also alleges his cell was infested with mice, and "[m]ice ran in and out as they please[d], as [he] fought them off trying not to be bitten." *Id.* at p. 9.

After Plaintiff was released from this cell, he was placed back in segregation. Defendant Saldana allegedly told Plaintiff that he was glad Plaintiff said he wanted to hurt himself and to do it again so he could see Plaintiff. Plaintiff alleges he felt depressed.

### III

Plaintiff's allegations against Defendant Saldana regarding the alleged denial of a regular meal tray on August 29, 2025, are not properly joined in the same Complaint with the allegations against Defendants Dr. Fairless and Esteves regarding his placement on crisis watch. Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against

3

Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff alleges he was left naked and cold in a cell infested with mice, but he does not allege that Defendants Saldana, Esteves, or Dr. Fairless knew about the conditions. Plaintiff also does not allege if he complained to anyone about the conditions or if he requested cleaning supplies, clothing, or a blanket.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20 and for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. Piecemeal amendments are not accepted.

**IV**

Plaintiff filed a Motion to Request Counsel asking the Court to appoint an attorney to represent him. (Doc. 4). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655. Plaintiff does not indicate what attempts he made to obtain counsel on his own. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Plaintiff has not demonstrated a

4

reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is denied, with leave to renew. If Plaintiff renews his Motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20 and for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion to Request Counsel [4] is DENIED.**

3) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

*It is so ordered.*

Entered: April 28, 2026

s/Jonathan E. Hawley
U.S. District Judge